United States Bankruptcy Court
District of New Jersey

Transmittal to the District Court
Proposed Findings of Fact and Conclusions of Law for Confirmation

| | |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., et al.,[1] | Case No. 18-27963 (MBK) |
| Debtors. | |

The United States Bankruptcy Court for the District of New Jersey (Hon. Michael B. Kaplan, U.S.B.J.) submits the accompanying Proposed Findings of Fact and Conclusions of Law in this chapter 11 bankruptcy (Exhibit 1) for review by the District Court and recommending confirmation of the Third Amended Prenegotiated Plan of Reorganization ("Plan") (Exhibit 2) and approval of the Trust Distribution Procedures (Exhibit 3) and Trust Agreement (Exhibit 4).

Although this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L), the bankruptcy plan in this case is filed under 11 U.S.C. § 524(g). "Section 524(g) is a special provision of the Bankruptcy Code created by Congress to provide 'supplemental injunctive relief for an insolvent debtor facing the unique problems and complexities associated with asbestos liability.'" *In re W.R. Grace & Co.*, 475 B.R. 34, 91 (D. Del. 2012) (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 234 (3d Cir. 2004)). Under § 524(g), the debtor is able to reorganize through the use

[1] The Debtors in these chapter 11 cases are: Duro Dyne National Corp., No. 18-27963-MBK; Duro Dyne Corporation, No. 18-27968-MBK, Duro Dyne Machinery Corp., No. 18-27969-MBK; Duro Dyne MidWest Corp., No. 18-27970-MBK; and Duro Dyne West Corp., No. 18-27971-MBK (collectively, the "Debtors").

of an injunctive trust, which serves to "preserve and facilitate the resolution of current asbestos claims, while simultaneously relieving the insolvent debtor from the uncertainty associated with impending future asbestos litigation." *Id.* Pursuant to § 524(g)(3)(A), the Plan must be "issued or affirmed by the district court that has jurisdiction over the reorganization case" in order for the injunction to become valid and enforceable. Therefore, this Court submits the instant document to the District Court recommending confirmation of the Plan.

Inherent in confirmation of the Plan is a finding that the Plan and the documents which structure the injunctive trust—the Trust Agreement and the Trust Distribution Procedures—meet the requirements of 11 U.S.C. § 524(g)(2). As detailed in the Proposed Findings of Fact and Conclusions of Law, following the confirmation hearing this Court recommended changes to the Plan, Trust Agreement, and Trust Distribution Procedures. The Plan Proponents agreed to the changes and made revisions resulting in the version of the Plan which is submitted to the District Court for confirmation over the objections raised by the United States Trustee and North River Insurance Company. However, the Plan Proponents and the United States Trustee disagree as to certain limited language contained in the Trust Agreement and Trust Distribution Procedures. To move this case forward and to ensure that the trust documents comport with the rulings set forth on the record in this case, this Court has made limited changes to the Plan Proponents' version of the trust documents. For the convenience of the District Court and the parties, the portions of the Plan Proponents' trust documents which have been altered by this Court appear in red.[2]

[2] The Trust Agreement and Trust Distribution Procedures are exhibits to the Plan—specifically, Plan Exhibits A and F. However, for ease of review, this Court has separated those documents from the Plan, and attaches them to this Transmittal Form as Exhibits 3 and 4.

Additionally, this Court informs the District Court that the Debtors entered into settlements with several of their insurers to resolve certain outstanding coverage disputes, the proceeds of which will be contributed to the injunctive trust. This Court conditionally approved those settlement agreements pending approval of the Plan by the District Court. The Orders approving the settlement agreements accompany this Transmittal Form (Collective Exhibit 5). proposed and, should they meet the District Court's approval, should be executed if and when the Plan is confirmed.

This Proposed Findings of Fact and Conclusions of Law and its attachments will be duly served upon the parties on or about this date. If an order for confirmation is entered, please return a docketed copy together with copies of related orders approving the settlement agreements so that these can also be docketed with the Bankruptcy Court.

Honorable Michael B. Kaplan
United States Bankruptcy Judge