LOWENSTEIN SANDLER LLP
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
krosen@lowenstein.com
jprol@lowenstein.com

*Counsel to the Debtors and
Debtors in Possession*

CAPLIN & DRYSDALE,
CHARTERED
James P. Wehner, Esq.
(*pro hac vice* pending)
Jeffrey A. Liesemer, Esq.
(*pro hac vice* pending)
One Thomas Circle, N.W.
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
jwehner@capdale.com
jliesemer@capdale.com

*Counsel to the Asbestos
Claimants Committee*

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Edwin J. Harron, Esq.
Sara Beth A. R. Kohut, Esq.
(*pro hac vice* pending)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6703
Facsimile: (302) 576-3298
eharron@ycst.com
skohut@ycst.com

*Counsel to the Legal
Representative*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*, | Case No. 3:19-cv-15433-MAS |
| Debtors.[1] |  |

## ORDER (I) APPROVING AND ADOPTING THE BANKRUPTCY COURT'S AMENDED REPORT AND RECOMMENDATION, AND (II) CONFIRMING THE THIRD AMENDED PRENEGOTIATED PLAN OF REORGANIZATION FOR DURO DYNE NATIONAL CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED

This matter comes before the Court, in accordance with 28 U.S.C. § 157(c)(1) and Federal

Rule of Bankruptcy Procedure 9033, on the *Amended Report and Recommendation for Entry of*

*(A) Findings and Conclusions with Respect to Third Amended Plan of Reorganization; and (B)*

---

[1] The "**Debtors**" in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are Duro Dyne National Corp. (4664), Duro Dyne Machinery Corp. (9699), Duro Dyne Corporation (3616), Duro Dyne West Corp. (5943), and Duro Dyne Midwest Corp. (4662)

Page: 2
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

*Confirmation Order*, dated October 16, 2020 (ECF No. 24)[2] ("**Amended Report and Recommendation**"), which was submitted by the United States Bankruptcy Court for the District of New Jersey ("**Bankruptcy Court**"). Based on the proposed findings of fact and conclusions of law contained in the Amended Report and Recommendation ("**Findings of Fact and Conclusions of Law**"), the Bankruptcy Court recommends that this Court confirm the *Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code, as Modified* ("**Plan**"), which, together with all schedules and exhibits thereto, is annexed hereto as Exhibit B. In addition, the Bankruptcy Court recommends that this Court issue the Asbestos Permanent Channeling Injunction in accordance with 11 U.S.C. § 524(g)(3) and two other Plan-related injunctions, namely, the Settling Asbestos Insurer Injunction and the Asbestos Insurer Injunction, in accordance with 11 U.S.C. §§ 105(a) and 524(g).[3] The objections of The North River Insurance Company ("**North River**") to confirmation of the Plan (ECF No. 3) have been resolved in accordance with a settlement reached with the Debtors.

This Court has subject-matter jurisdiction over this proceeding in accordance with 28 U.S.C. § 1334(b). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409(a). Having received and considered *de novo* the testimony and other evidence presented at the Confirmation

---

[2]  Citations to "**ECF**" refer to the docket entries in the above-titled case.

[3]  Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Plan or in the *Plan Proponents' Brief (I) in Support of (A) Approval and Adoption of the Bankruptcy Court's Report and Recommendation, (B) Confirmation of the Third Amended Prenegotiated Plan of Reorganization, and (C) Approval of the Asbestos Insurance Settlements; and (II) in Response to North River's Objections*, dated August 13, 2019 (ECF No. 5).

Page: 3
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Hearing; and having reviewed the proposed findings of fact and conclusions of law of the

Bankruptcy Court, the Plan, the Disclosure Statement, the Solicitation Procedures Order, the

Tabulation Report, the Certifications of Service, the objection of the United States Trustee to

confirmation of the Plan, the statements of counsel, the Declarations, and other testimony and

evidence admitted at the Confirmation Hearing; and having acknowledged the settlement reached

between North River and the Debtors that, *inter alia*, fully resolves North River's objections to

confirmation of the Plan; and upon the record of these Chapter 11 Cases; and after due

deliberation thereon, and good and sufficient cause appearing therefor, **IT IS HEREBY**

**ORDERED, ADJUDGED, AND DECREED** as follows:

I.     **GENERAL PROVISIONS**

    A.     *Approval of Amended Report and Recommendation and Confirmation of the Plan*

    1.     The Amended Report and Recommendation of the Bankruptcy Court, including the Findings of Fact and Conclusions of Law, is hereby **APPROVED** and **ADOPTED** by this Court.

    2.     All objections to the Plan that have not been resolved, withdrawn, or waived, and all reservation of rights pertaining to confirmation of the Plan, are overruled on the merits.

    3.     The Plan and each of its provisions (whether or not specifically approved herein) and all exhibits and schedules thereto, as amended or modified to the date hereof, are hereby **CONFIRMED** in each and every respect, in accordance with § 1129 of the Bankruptcy Code.

    B.     *Conditions to the Effective Date of the Plan*

    4.     Nothing in this Confirmation Order or in the Findings of Fact and Conclusions of

Page: 4
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Law herein shall in any way affect the provisions of sections 10.02, 10.03, and 10.04 of the Plan,

which include provisions regarding (a) the conditions precedent to the Effective Date of the Plan

and (2) the waiver of any such conditions.  If a condition to the occurrence of the Effective Date

set forth in section 10.02 or 10.03 of the Plan cannot be satisfied, and the occurrence of such

condition is not waived in writing in accordance with section 10.04 of the Plan, then the Plan and

the other Plan Documents shall be deemed null and void.  In such event, nothing contained herein

or in any of the Plan Documents shall be deemed to constitute a waiver or release of any claims

or defenses of, or an admission or statement against interest by, any of the Plan Proponents or any

other Entity in any further proceedings involving the Debtors.

### C.    *Effects of Confirmation*

5.    Upon the occurrence of the Effective Date and in accordance with § 1141(a) of the

Bankruptcy Code, the terms of the Plan, the other Plan Documents, and this Confirmation Order

shall be binding upon all Entities, including the Debtors, the Reorganized Debtor, any and all

holders of Claims, Demands, or Equity Interests (irrespective of whether such Claims or Equity

Interests are impaired under the Plan or whether the holders of such Claims or Equity Interests

accepted, rejected, or are deemed to have accepted or rejected the Plan), any and all non-Debtor

parties to executory contracts and unexpired leases with any of the Debtors, and any and all

Entities who are parties to or are subject to the settlements, compromises, releases, waivers,

discharges, and Injunctions described herein and in the Findings of Fact and Conclusions of Law

or in the Plan, and the respective heirs, executors, administrators, trustees, affiliates, officers,

directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if

Page: 5
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

any, of any of the foregoing.

6.     On the Effective Date, in accordance with § 1141(b) and (c) of the Bankruptcy
Code, except as otherwise provided in the Plan, the Plan Documents, or this Confirmation Order,
the assets and property of the Debtors shall vest or revest in the Reorganized Debtor free and clear
of all claims, Equity Interests, Liens, encumbrances, and other interests of any Entity. On and
after the Effective Date, except as otherwise provided in the Plan or any of the other Plan
Documents, the Reorganized Debtor may operate its business and may use, acquire, or dispose of
property and compromise or settle any claims, interests, or causes of action without supervision
or approval by the Bankruptcy Court or this Court, and free of any restrictions of the Bankruptcy
Code or Bankruptcy Rules.

### D.     *Approval, Modification, and Execution of Plan Documents*

7.     Subject to the modifications stated in paragraph 8 below, the Plan, each of the
other Plan Documents, and all exhibits and schedules to any of the foregoing, substantially in the
form as they exist at the time of entry of this Confirmation Order, are ratified and approved in all
respects. Each of the officers of the Debtors and the Reorganized Debtor is authorized and
directed to execute, deliver, file, or record such contracts, instruments, releases, indentures, and
other agreements or documents and to take such actions as may be necessary or appropriate, for
and on behalf of the Debtors and the Reorganized Debtor, to effectuate and further evidence the
terms and conditions of the Plan, the transactions contemplated by the Plan, and any securities
issued pursuant to the Plan, notwithstanding that the efficacy of such documents may be subject
to the occurrence of the Effective Date as contemplated by and under the Plan or any of the other

Page: 6
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Plan Documents.

8.      To reflect and effectuate the settlement between the Debtors and North River, and
the agreements reached between the Debtors and the other Plan Proponents in conjunction with
the North River settlement, the Plan and other Plan Documents are hereby amended and modified
as follows:

(a)      The original principal amount of the Trust Note shall be increased to
U.S.$20,000,000; and section 1.01(123) of the Plan (definition of "Trust Note"), section 1(45) of
the Note Issuance Agreement (Exhibit D to the Plan), the recitals in the Bay Shore Mortgage (as
defined in the Note Issuance Agreement), the recitals in the Fairfield Mortgage (as defined in the
Note Issuance Agreement), and the form of Trust Note (Exhibit 3 to the Note Issuance
Agreement) are amended and modified to reflect this increased principal amount.

(b)      The amount of the "Semiannual Payment" (as defined in the Note Issuance
Agreement) shall be $947,470.62, and section 1(49) of the Note Issuance Agreement is amended
and modified to reflect that amount.

9.      For purposes of Consummation and closing under the Plan Documents, the Plan
Proponents are hereby authorized, without notice or further order of this Court, to make (a)
changes to the Plan Documents as necessary to effectuate and implement the amendments and
modifications set forth in paragraph 8 above, and (b) conforming or non-substantive changes to
the Plan Documents that the Plan Proponents deem necessary to carry out the intentions and
purposes of, and to give full effect to the provisions of, the Plan, the other Plan Documents, and
the Asbestos Insurance Settlements (including the settlement between the Debtors and North

Page: 7
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

River).

10.     In addition the terms and provisions set forth in paragraphs 8 and 9 above, the Plan

Proponents, acting unanimously, are hereby authorized to alter, amend, or modify the Plan or any

other Plan Document at any time prior to the substantial consummation of the Plan, but only in

accordance with § 1127 of the Bankruptcy Code and section 12.01 of the Plan.

11.     The failure to reference or discuss any particular provision of the Plan in this

Confirmation Order shall have no effect on the validity, binding effect, and enforceability of such

provision, and such provision shall have the same validity, binding effect, and enforceability as

every other provision of the Plan. If there is any conflict between the terms of the Plan, any

exhibit thereto, or any of the other Plan Documents on the one hand and the terms of this

Confirmation Order on the other hand, the terms of this Confirmation Order shall control.

E.     *Corporate Existence*

12.     Except as otherwise provided in the Plan, the Debtors and their respective Estates

will be substantively consolidated and merged into Debtor Duro Dyne National Corp., and Duro

Dyne National Corp. will be the surviving entity and Reorganized Debtor on and after the

Effective Date. The Reorganized Debtor shall continue to exist as of the Effective Date as a

separate corporation, with all the powers of a corporation, pursuant to the applicable law in the

jurisdiction in which the Reorganized Debtor is incorporated pursuant to the certificate of

incorporation and bylaws in effect prior to the Effective Date, except to the extent such certificate

of incorporation and bylaws are amended by the Plan, the other Plan Documents, or otherwise,

and to the extent such documents are amended, such documents are deemed to be pursuant to the

Page: 8
Debtor: Duro Dyne National Corp., *et al*.
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Plan Documents and require no further action or approval. After the Effective Date, the

Reorganized Debtor, shall have all of the powers of such legal entity under applicable law and

without prejudice to any right to alter or terminate such existence (whether by merger, conversion,

dissolution, or otherwise) under applicable law.

F.     **Release of Liens**

13.     Except as otherwise provided in the Plan or the other Plan Documents, on the

Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against

any property of the Estates shall be fully released and discharged, and the holders of such

mortgages, deeds of trust, Liens, pledges, or other security interests shall execute such documents

as may be reasonably requested by the Debtors or the Reorganized Debtor, as applicable, to reflect

or effectuate such releases, and all of the right, title, and interest of any holders of such mortgages,

deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtor

and its successors and assigns.

14.     To the extent that any holder of a Claim that has been satisfied or discharged in

full pursuant to the Plan, or any agent for such holder, has filed or recorded publicly any Liens or

security interests to secure such holder's Claim, then as soon as practicable on or after the

satisfaction or discharge in full of such Claim, such holder (or the agent for such holder) shall

take any and all steps reasonably requested by the Debtors or the Reorganized Debtor that are

necessary or desirable to record or effectuate the cancellation or extinguishment of such Liens or

security interests, including the making of any applicable filings or recordings. In addition, and

without limiting any of the forgoing, the Debtors and Reorganized Debtor shall be entitled to

Page: 9
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

make any such filings or recordings on such holder's behalf and to cancel or extinguish any record

of such Liens or security interests.

### G.   *Approval of the Senior Lending Facility*

15.    On the Effective Date, the Reorganized Debtor shall enter into the Senior Lending

Facility, Loan and Security Agreement, and related "Loan Documents" (as such quoted term is

defined in the Loan and Security Agreement), the form and substance of which shall be acceptable

to the Senior Lender and the Plan Proponents. The Senior Lending Facility and related Loan

Documents (including the transactions contemplated thereby, and all actions to be taken,

undertakings to be made, and obligations to be incurred and fees paid or to be paid by the Debtors

or the Reorganized Debtor in connection therewith), whether prior to, on, or following the

Effective Date, to the extent not approved by the Court previously are hereby authorized and

approved in all respects. The Reorganized Debtor is authorized to execute and deliver those

documents necessary or appropriate to consummate the Loan and Security Agreement and other

Loan Documents without further notice to or order of the Court, act or action under applicable

law, regulation, order, or rule or vote, consent, authorization, or approval of any Person, subject

to such modifications as the Reorganized Debtor may deem necessary to consummate the Senior

Lending Facility.

16.    Without limiting the foregoing, upon the effectiveness of the Loan and Security

Agreement, whether on, or following the Effective Date, all of the indebtedness incurred, and all

Liens and security interests granted in accordance with the Loan and Security Agreement and

other Loan Documents shall be legal, valid, binding, and fully enforceable Liens on, and security

Page: 10
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

interests in, the assets and properties of the Reorganized Debtor, and shall be fully and

unconditionally enforceable against, and obligations of, the Reorganized Debtor, in accordance

with the terms of the Loan and Security Agreement and other Loan Documents, and not subject

to re-characterization or equitable subordination or avoidance for any purposes whatsoever, nor

constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any

other applicable nonbankruptcy law.   The Senior Lending Facility shall be deemed to be

reasonable and to have been entered into in good faith, for reasonably equivalent value, and for

legitimate business purposes.

## II.   CLAIMS BAR DATES AND OTHER CLAIMS MATTERS

### A.   *Bar Date for Administrative Claims (Other Than Professional Claims)*

17.   All parties seeking payment of an Administrative Claim (other than a Professional

Claim) must file with the Bankruptcy Court and serve upon the Reorganized Debtor a request for

payment of such Administrative Claim prior to the applicable deadline set forth below; *provided,*

*however*, that parties seeking payment of postpetition ordinary course trade obligations,

postpetition payroll obligations incurred in the ordinary course of a Debtor's postpetition

business, and amounts arising under agreements approved by the Bankruptcy Court or the Plan

need not file such a request.

18.   All holders of Administrative Claims (other than Professional Claims) must file

with the Bankruptcy Court and serve on the Debtors or the Reorganized Debtor, as applicable, a

request for payment of such Claims so as to be received on or before 4:00 p.m. (Eastern Time) on

the first Business Day after the date that is sixty (60) days after the Effective Date, unless

Page: 11
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

otherwise agreed to by the appropriate Debtor or Reorganized Debtor, without further approval

by the Bankruptcy Court. *Failure to comply with these deadlines shall forever bar the holder*

*of an Administrative Claim (other than a Professional Claim) from seeking payment thereof.*

19.     Any holder of an Administrative Claim (other than a Professional Claim) that does

not assert such Claim in accordance with this Confirmation Order and section 2.01 of the Plan

shall have its Claim deemed disallowed under this Plan and be forever barred from asserting such

Claim against any of the Reorganized Debtor, the Debtors, their Estates, or their assets. Any such

Claim and the holder thereof are enjoined from commencing or continuing any action,

employment of process or act to collect, offset, recoup, or recover such Claim.

### B.     *Bar Date for Professional Claims*

20.     Holders of Professional Claims shall (i) file with the Bankruptcy Court their

respective final applications for allowance of compensation for services rendered and

reimbursement of expenses incurred through the Effective Date by the first Business Day after

the date that is thirty (30) calendar days after the Effective Date or by such other date as may be

fixed by the Bankruptcy Court, and (ii) be paid in full in such amounts as are Allowed by the

Bankruptcy Court (A) within seven (7) calendar days after such Professional Claim becomes an

Allowed Administrative Claim, or (B) upon such other terms as may be mutually agreed upon

between the holder of such Allowed Professional Claim and the Reorganized Debtor.

### C.     *Bar Date for Rejection Damages Claims*

21.     If the rejection of a contract or lease pursuant to section 8.01 or section 8.03 of the

Plan results in damages to the non-Debtor party to such contract or lease, any claim for such

Page: 12
Debtor: Duro Dyne National Corp., *et al*.
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

damages, if not heretofore evidenced by a filed proof of claim, shall forever be barred and shall

not be enforceable against the Debtors, or their respective properties, agents, successors, or

assigns, unless a proof of claim is filed with the Bankruptcy Court or with a duly appointed claims

agent, as applicable, and served upon the Debtors or the Reorganized Debtor on or before thirty

(30) calendar days after the later to occur of (a) the Confirmation Date, or (b) the date of entry of

an order by the Bankruptcy Court authorizing rejection of such contract or lease.

## III.   ACTIONS IN FURTHERANCE OF THE PLAN

22.     Pursuant to §§ 1123 and 1142 of the Bankruptcy Code, as well as the laws of any

relevant state governing corporations or other legal entities, without further action by the

Bankruptcy Court or the stockholders, members, managers, or board of directors of any Debtor

or the Reorganized Debtor, the Debtors, the Reorganized Debtor, and the officers of the

appropriate Debtor or Reorganized Debtor are authorized to (a) take any and all actions necessary

or appropriate to implement, effectuate, and consummate the Plan, the other Plan Documents, this

Confirmation Order, or the transactions contemplated thereby or hereby (including any and all

such actions that any of the Debtors, the Reorganized Debtor, and the officers of the appropriate

Debtor or Reorganized Debtor may determine are necessary or appropriate), and (b) execute and

deliver, adopt, or amend, as the case may be, any contracts, instruments, releases, and agreements

necessary to implement, effectuate, and consummate the Plan.

23.     To the extent that, under applicable nonbankruptcy law, any of the foregoing

actions would otherwise require the consent or approval of the stockholders, members, managers,

or directors of any of the Debtors or the Reorganized Debtor, this Confirmation Order shall,

Page: 13
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

pursuant to §§ 1123(a)(5) and 1142 of the Bankruptcy Code and applicable nonbankruptcy law,
constitute such consent or approval, and such actions are deemed to have been taken by
unanimous action of the stockholders, members, managers, or directors, as the case may be, of
the appropriate Debtor or the Reorganized Debtor.

24.    The approvals and authorizations specifically set forth in this Confirmation Order
are non-exclusive and are not intended to limit the authority of any Debtor or the Reorganized
Debtor or any officer thereof to take any and all actions necessary or appropriate to implement,
effectuate, and consummate the Plan, the other Plan Documents, this Confirmation Order, or the
transactions contemplated thereby or hereby.

25.    The Debtors, the Reorganized Debtor, the nondebtor Affiliates, the Protected
Parties, the Asbestos Trust, and holders of Claims receiving Distributions under this Plan, and all
other parties in interest are hereby authorized, from time to time, to prepare, execute, and deliver
any agreements or documents and take any other action consistent with the terms of the Plan as
may be necessary to effectuate the provisions and intent of the Plan or any of the other Plan
Documents, with each such Entity to bear its own costs incurred after the Effective Date in
connection therewith.

26.    On and after the Effective Date, the Reorganized Debtor and the Asbestos Trust
may seek such orders, judgments, injunctions, and rulings that any of them deem necessary to
carry out further the intentions and purposes of, and to give full effect of the provisions of, the
Plan or any of the other Plan Documents, with each such Entity to bear its own costs in connection
therewith.

Page: 14
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

## IV.    THE ASBESTOS TRUST

### A.    *Creation of the Asbestos Trust*

27.    Effective upon Consummation, the Asbestos Trust shall be created and established
without further notice, action, or deed, except as provided in the Plan Documents. The Asbestos
Trust shall be a "qualified settlement fund" for federal income tax purposes within the meaning
of the Treasury regulations issued pursuant to 26 U.S.C. § 468B and shall be subject to the
continuing jurisdiction of the Bankruptcy Court as set forth in section 11.01 of the Plan. The
Asbestos Trust and the Asbestos Trustee are authorized and empowered to receive the property
to be transferred to the Asbestos Trust pursuant to sections 4.07, 4.08, 4.09, 4.10, and 4.11 of the
Plan. The Asbestos Trust Agreement and the TDP shall be substantially in the forms attached as
Exhibits A and F to the Plan, respectively.

### B.    *Funding of the Asbestos Trust and Vesting of Asbestos Trust Assets*

28.    The Asbestos Trust shall be funded in accordance with sections 4.07, 4.08, 4.10,
and 4.11 of the Plan. Upon the transfer of the Asbestos Trust Assets to the Asbestos Trust, the
Asbestos Trust Assets shall be indefeasibly and irrevocably vested in the Asbestos Trust free and
clear of all claims, Equity Interests, Liens, encumbrances, and other interests of any Entity,
subject to the Asbestos Permanent Channeling Injunctions and other provisions of the Plan.

### C.    *Assumption of Certain Liabilities by the Asbestos Trust*

29.    On the Effective Date, except as provided in sections 4.13 and 4.14 of the Plan,
subject to the terms of the Plan Documents, and in accordance with §§ 524(g) and 1141 of the
Bankruptcy Code, the Asbestos Trust shall assume and succeed to all liability and responsibility

-14-

Page: 15
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

for all Channeled Asbestos Claims. Notwithstanding the Asbestos Trust's assumption of liability

and responsibility for all Channeled Asbestos Claims, such assumption shall not itself operate or

be construed as a release, accord, or novation of each Debtor's obligations on account of such

Claims for purposes of any Asbestos Insurance Rights solely to the extent of suits against the

Reorganized Debtor directly in accordance with section 4.13 of the Plan (subject, however, to the

discharge of any "personal liability" of the Debtors as that term is used in § 524(a) of the

Bankruptcy Code and as provided in section 9.03 of the Plan).

### D.   *Transfer of the Asbestos Insurance Rights*

30.   On the Effective Date, by virtue of Confirmation, without further notice, action,

or deed, the Asbestos Insurance Rights shall be automatically transferred to, and indefeasibly

vested in, the Asbestos Trust, and the Asbestos Trust shall thereby become the estate

representative pursuant to § 1123(b)(3)(B) of the Bankruptcy Code, with the exclusive right to

enforce any and all of the Asbestos Insurance Rights against any Entity, and the Proceeds of the

recoveries of any such Asbestos Insurance Rights shall be the property of, and shall be deposited

in, the Asbestos Trust. The Asbestos Insurance Rights shall be vested in the Asbestos Trust free

and clear of all Liens, encumbrances, interests, claims, and causes of action of any Entity.

### E.   *Appointment of the Asbestos Trustee*

31.   The appointment of Alan B. Rich to be the initial Asbestos Trustee is approved.

### F.   *Creation of the Trust Advisory Committee*

32.   The Trust Advisory Committee shall be established pursuant to the Asbestos Trust

Agreement and shall have the functions, duties, and rights provided in the Asbestos Trust

Page: 16
Debtor: Duro Dyne National Corp., *et al*.
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Agreement.

### G.    *Continuation of the Legal Representative*

33.    Lawrence Fitzpatrick shall serve as the Legal Representative for the Asbestos

Trust and shall have the functions, duties, and rights provided in the Asbestos Trust Agreement.

### H.    *Cooperation Agreement*

34.    On the Effective Date, the Reorganized Debtor and the Asbestos Trust shall enter

into a cooperation agreement substantially in the form included as Exhibit B to the Plan.

### I.    *Institution of Legal and Other Proceedings*

35.    On and after the Effective Date, without any further action of the Court or any

Entity, the Asbestos Trust shall be empowered to initiate, prosecute, defend, and resolve all legal

actions or other proceedings related to any asset, liability, or responsibility of the Asbestos Trust.

## V.    DISCHARGE OF CLAIMS AND RELATED INJUNCTION

36.    In accordance with and not in limitation of §§ 524(a) and 1141(d) of the

Bankruptcy Code, and except as provided in the Plan, upon the occurrence of the Effective Date,

all Claims, including, to the fullest extent permitted by law, Channeled Asbestos Claims, shall

be, and shall be deemed to be, discharged in full, and all holders of Claims shall be, to the fullest

extent permitted by law, precluded and enjoined from asserting against the Debtors and the

Reorganized Debtor, or any of their assets or properties, any other or further Claim based upon

any act or omission, transaction, or other activity of any kind or nature that occurred prior to the

Effective Date, whether or not such holder has filed a proof of claim.

37.    Except as specifically provided in the Plan or any of the Plan Documents, the

Page: 17
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

discharge set forth in the immediately preceding paragraph shall also operate, upon the occurrence

of the Effective Date, as an injunction pursuant to §§ 105(a), 524(a), and 1141(d) of the

Bankruptcy Code, prohibiting and enjoining the commencement or continuation of any action,

the employment of process, or any act to collect, recover from, or offset (a) any Claim, including,

to the fullest extent permitted by law, any Channeled Asbestos Claim, against or interest in any

of the Debtors or the Reorganized Debtor by any Entity, and (b) any cause of action, whether

known or unknown, against the Debtors or the Reorganized Debtor arising out of, attributable to,

or based on any Claim, including, to the fullest extent permitted by law, any Channeled Asbestos

Claim, or interest described in clause (a) of this paragraph.

## VI.   THE ASBESTOS PERMANENT CHANNELING INJUNCTION

38.     In order to supplement, where necessary, the injunctive effect of the discharge

provided by §§ 1141(d), 524(a), and 105(a) of the Bankruptcy Code and as described in section

9.05 of the Plan, and pursuant to the exercise of the equitable jurisdiction and power of this Court

under § 524(g) of the Bankruptcy Code, as supplemented by § 105(a) of the Bankruptcy Code,

the injunction set forth in paragraph 39 below is granted, approved, and authorized in all respects

and shall take effect on and after the Effective Date.

39.     Effective on and after the Effective Date, all Entities that have held or asserted, or

hold or assert, or may in the future hold or assert any Channeled Asbestos Claim against one or

more of the Protected Parties shall be permanently stayed, restrained, and enjoined from taking

any action for the purpose of directly or indirectly collecting, recovering, or receiving payments,

satisfaction, or recovery on account of any Channeled Asbestos Claim, including:

Page: 18
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

    (a)    commencing or continuing in any manner any action or other proceeding of any kind on account of any Channeled Asbestos Claim against any of the Protected Parties, or against the property of any Protected Party on account of any such Channeled Asbestos Claim;

    (b)    enforcing, attaching, collecting, or recovering, by any manner or means, any judgment, award, decree, or order against any of the Protected Parties or against the property of any Protected Party on account of any Channeled Asbestos Claim;

    (c)    creating, perfecting, or enforcing any Lien of any kind against any Protected Party or the property of any Protected Party on account of any Channeled Asbestos Claim;

    (d)    except as otherwise specifically provided in the Plan, asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind against any obligation due any Protected Party or against the property of any Protected Party on account of any Channeled Asbestos Claim; and

    (e)    taking any act, in any manner, in any place whatsoever, against any of the Protected Parties or their property, that does not conform to, or comply with, the provisions of the Plan Documents applicable to a Channeled Asbestos Claim.

    (f)    Notwithstanding anything to the contrary in the immediately preceding paragraph, this Asbestos Permanent Channeling Injunction shall not enjoin:

    (1)    the rights of Entities to the treatment accorded them under Articles II and III of the Plan, as applicable, including the rights of holders of Channeled Asbestos Claims to have such Channeled Asbestos Claims resolved in accordance with the TDP;

Page: 19
Debtor: Duro Dyne National Corp., *et al*.
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

(2)     the rights of Entities to assert any Channeled Asbestos Claim
against the Asbestos Trust in accordance with the TDP, or any debt, obligation, or liability
for payment of Asbestos Trust Expenses against the Asbestos Trust;

(3)     the rights of the Asbestos Trust or, if applicable, the Reorganized
Debtor to prosecute any claim or cause of action based on or arising from any of the
Asbestos Trust Assets against any Entity that is not a Protected Party;

(4)     any action under section 4.13 of the Plan against the Reorganized
Debtor that strictly conforms to the pleading requirements of section 4.13; or

(5)     any action against any Asbestos Insurer that is neither a Settling
Asbestos Insurer nor an Asbestos Insurer protected, at the time such action is brought, by
the Asbestos Insurer Injunction.

## VII.    THE SETTLING ASBESTOS INSURER INJUNCTION

40.     In accordance with §§ 105(a) and 524(g) of the Bankruptcy Code, upon the
occurrence of the Effective Date, all Entities that have held or asserted, that hold or assert, or that
may in the future hold or assert any Asbestos Insurance Policy Claim shall be, and hereby are,
permanently stayed, restrained, and enjoined from taking any action for the purpose of directly or
indirectly collecting, recovering, or receiving payment or recovery on account of any such
Asbestos Insurance Policy Claim from or against any Settling Asbestos Insurer, only to the extent
that such Settling Asbestos Insurer has been released from any claim under one or more Asbestos
Insurance Policies in accordance with one or more Asbestos Insurance Settlements, including:

(a)     commencing, conducting, or continuing in any manner any action or other

Page: 20
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

proceeding of any kind (including an arbitration or other form of alternative dispute resolution)

against any Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, on

account of any Asbestos Insurance Policy Claim;

        (b)    enforcing, attaching, levying, collecting, or recovering, by any manner or

means, any judgment, award, decree, or other order against any Settling Asbestos Insurer, or

against the property of any Settling Asbestos Insurer, on account of any Asbestos Insurance Policy

Claim;

        (c)    creating, perfecting, or enforcing in any manner any Lien of any kind

against any Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, on

account of any Asbestos Insurance Policy Claim;

        (d)    asserting or accomplishing any setoff, right of subrogation, indemnity,

contribution, or recoupment of any kind, directly or indirectly, against any obligation due any

Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, on account of

any Asbestos Insurance Policy Claim; and

        (e)    taking any act, in any manner, in any place whatsoever, that does not

conform to, or comply with, the provisions of the Plan applicable to any Asbestos Insurance

Policy Claim.

## VIII.   THE ASBESTOS INSURER INJUNCTION

    41.    In accordance with § 105(a) of the Bankruptcy Code, in order to carry out the

provisions of § 524(g) of the Bankruptcy Code, upon the occurrence of the Effective Date, except

as expressly allowed in paragraph 42 below, all Entities that have held or asserted, that hold or

Page: 21
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

assert, or that may in the future hold or assert any Asbestos Insurance Policy Claim or Channeled

Asbestos Claim shall be, and hereby are, permanently stayed, restrained, and enjoined from taking

any action for the purpose of directly or indirectly collecting, recovering, or receiving payment

or recovery on account of any such Asbestos Insurance Policy Claim or Channeled Asbestos

Claim from or against any Asbestos Insurer, including:

(a)     commencing, conducting, or continuing in any manner any action or

proceeding of any kind (including an arbitration or other form of alternative dispute resolution)

against any Asbestos Insurer, or against the property of any Asbestos Insurer, on account of any

Asbestos Insurance Policy Claim or Channeled Asbestos Claim;

(b)     enforcing, attaching, levying, collecting, or recovering, by any manner or

means, any judgment, award, decree, or other order against any Asbestos Insurer, or against the

property of any Asbestos Insurer, on account of any Asbestos Insurance Policy Claim or

Channeled Asbestos Claim;

(c)     creating, perfecting, or enforcing in any manner any Lien of any kind

against any Asbestos Insurer, or against the property of any Asbestos Insurer, on account of any

Asbestos Insurance Policy Claim or Channeled Asbestos Claim;

(d)     asserting or accomplishing any setoff, right of subrogation, indemnity,

contribution, or recoupment of any kind, directly or indirectly against any obligation due any

Asbestos Insurer, or against the property of any Asbestos Insurer, on account of any Asbestos

Insurance Policy Claim or Channeled Asbestos Claim; and

(e)     taking any act, in any manner, in any place whatsoever, that does not

Page: 22
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

conform to, or comply with, the provisions of the Plan applicable to any Asbestos Insurance

Policy Claim or Channeled Asbestos Claim.

42.    The provisions of this Asbestos Insurer Injunction shall not preclude the

Reorganized Debtor or the Asbestos Trust, to the extent either has the right to do so, from pursuing

any claim for Asbestos Insurance Coverage or any claim that may exist under any Asbestos

Insurance Policy against any Asbestos Insurer. The provisions of this Asbestos Insurer Injunction

shall not bar, impair, or affect (a) any Asbestos Insurance Litigation brought by the Asbestos

Trust or any Debtor against any Asbestos Insurer, by the Asbestos Trust on behalf of the

Reorganized Debtor, or by the Reorganized Debtor on behalf of the Asbestos Trust; (b) any

Asbestos Insurance Rights held or acquired by the Asbestos Trust or the Reorganized Debtor; or

(c) the rights of the Asbestos Trust to tender any Channeled Asbestos Claim or any action

commenced under section 4.13 of the Plan to a Non-Settling Asbestos Insurer for coverage,

indemnity, or defense, or otherwise to invoke Asbestos Insurance Coverage with respect to a Non-

Settling Asbestos Insurer. Except for the penultimate sentence of this paragraph, the provisions

of this Asbestos Insurer Injunction are not issued for the benefit of any Asbestos Insurer and no

such insurer is a third-party beneficiary of this Asbestos Insurer Injunction. The Asbestos Trust

shall have the sole and exclusive authority at any time, upon written notice to any affected

Asbestos Insurer, to terminate, or reduce or limit the scope of this Asbestos Insurer Injunction

with respect to any Asbestos Insurer, including for the purpose of allowing any Channeled

Asbestos Claimant to bring any Asbestos Insurance Policy Claim or Channeled Asbestos Claim

against such Asbestos Insurer; *provided*, *however*, that the Asbestos Trust may not permit the

Page: 23
Debtor: Duro Dyne National Corp., *et al*.
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

assertion of any Asbestos Insurance Policy Claim or Channeled Asbestos Claim by a Channeled

Asbestos Claimant against a Non-Settling Asbestos Insurer unless and until such Channeled

Asbestos Claimant agrees in writing to stipulate to and be bound by the provisions of section 4.14

of the Plan pertaining to the right of Non-Settling Asbestos Insurers to obtain a dollar-for-dollar

reduction of any liability to such Channeled Asbestos Claimant based on the Non-Settling

Asbestos Insurer's Asbestos Insurance Policy Claims against any and all Settling Asbestos

Insurers that could have been asserted against such Settling Asbestos Insurers but for the

Injunctions. For the avoidance of doubt, the provisions of this Asbestos Insurer Injunction shall

not impair or affect any claims between or among Non-Settling Asbestos Insurers.

Notwithstanding any provision of the Plan to the contrary, including this Asbestos Insurer

Injunction, no new equitable contribution rights are created in favor of the Non-Settling Asbestos

Insurers.

## IX. OTHER INJUNCTIVE PROVISIONS

43.     Unless otherwise provided in the Plan, all injunctions or stays issued or rendered

in the Chapter 11 Cases, or in any adversary proceeding relating thereto, pursuant to § 105 or

§ 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall

remain in full force and effect until the Effective Date.

44.     Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, on and after the

Confirmation Date, all holders of Claims and Equity Interests, Affiliates, and other parties in

interest, along with their respective present or former Agents, shall be enjoined from taking any

action to interfere with the implementation and Consummation of the Plan, except for actions

Page: 24
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

necessary to attain judicial review.

45.     Except as otherwise specifically provided in the Plan or this Confirmation Order,

nothing herein shall constitute or be deemed a waiver of any claim, right, or cause of action that

the Debtors, the Reorganized Debtor, or the Asbestos Trust may have against any Entity other

than a Protected Party in connection with or arising out of a Channeled Asbestos Claim, and the

Injunctions shall not apply to the assertion of any such claim, right, or cause of action by the

Debtors, the Reorganized Debtor, or the Asbestos Trust.

## X.     EXCULPATION

46.     None of the Plan Proponents, the members of the Asbestos Claimants Committee,

or any of their respective employees, advisors, attorneys, financial advisors, accountants, agents,

or professionals retained with Bankruptcy Court approval, in their capacities as such, shall have

or incur any liability to any Entity for any act or omission in connection with or arising out of the

Chapter 11 Cases, including the negotiation of the Plan, pursuit of confirmation of the Plan, the

Consummation of the Plan, the administration of the Plan, or the property to be distributed under

the Plan, except for gross negligence or willful misconduct, and in all respects shall be entitled to

rely upon the advice of counsel with respect to their duties and responsibilities under, or in

connection with, the Plan.

## XI.    NO EFFECT ON INDEPENDENT LIABILITIES OF NON-DEBTORS

47.     Notwithstanding any provision to the contrary, nothing contained in the Plan, any

Plan Document, this Confirmation Order, the Bankruptcy Code (including § 1141 of the

Bankruptcy Code), or any other document filed in the Chapter 11 Cases shall be construed to

Page: 25
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

discharge, enjoin, release, or channel to the Asbestos Trust any liability or obligation of a non-
Debtor Entity not derived from that of a Debtor, including any independent liability of a non-
Debtor Entity that is not an Affiliate of, successor of, successor-in-interest to, merger partner of,
or transferor of assets to a Debtor as of the Petition Date.

## XII.   COMMITTEE AND LEGAL REPRESENTATIVE

48.    Except as provided herein, the Asbestos Claimants Committee and the Legal
Representative shall continue in existence until the Effective Date.  On and after the Effective
Date, the rights, duties, and responsibilities of the Legal Representative shall be as set forth in the
Asbestos Trust Agreement.

49.    On and after the Effective Date, the Asbestos Claimants Committee and the Legal
Representative shall continue in existence and shall have post-Effective Date standing and
capacity (a) to complete matters, if any, including litigation, appeals, or negotiations pending as
of the Effective Date that are not released pursuant to the Plan; (b) to grant or withhold, in their
sole discretion, any consent contemplated or required under the Plan; (c) to object to or defend
any Professional Claims; (d) to oppose any appeals of the Confirmation Order; and (e) to prepare
and prosecute applications for the payment of fees and reimbursement of expenses of their
respective professionals.

50.    In all events, the Asbestos Claimants Committee's professionals, and the Legal
Representative and his professionals, shall have the right to seek, and shall be entitled to,
reasonable fees and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy
Code for services rendered, including those services arising from or connected with any matter

Page: 26
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

authorized or described in section 13.03(c) of the Plan. The Debtors shall pay such reasonable

fees and expenses incurred through the Effective Date, in accordance with the fee and expense

procedures set forth in the Bankruptcy Code and Bankruptcy Rules or otherwise promulgated

during the Chapter 11 Cases. The Reorganized Debtor shall pay such reasonable fees and

expenses relating to any post-Effective Date activities authorized or described in section 13.03(c)

of the Plan without the necessity of approval by the Bankruptcy Court.

51.     Upon (a) the completion of all matters authorized and described in section 13.03(c)

of the Plan and (b) the irrevocable and indefeasible payment in full by the Reorganized Debtor of

all Allowed Professional Claims, the Asbestos Claimants Committee shall be dissolved, and the

members thereof shall be discharged of and from all further authority, duties, and responsibilities

related to, or arising from, the Chapter 11 Cases. Upon dissolution of the Asbestos Claimants

Committee, the Trust Advisory Committee shall succeed to, and exclusively hold, the attorney-

client privilege and any other privilege held by the Asbestos Claimants Committee and shall enjoy

the work product protections that were applicable or available to the Asbestos Claimants

Committee before its dissolution.

## XIII.  EXEMPTIONS FROM TAXATION

52.     Pursuant to section 1146(a) of the Bankruptcy Code, the following shall not be

subject to any stamp tax, Uniform Commercial Code filing or recording fee, regulatory filing or

recording fee, transfer tax, mortgage recording tax, real estate transfer tax, intangibles tax,

conveyance fee, filing fee, sales or use tax, or other similar tax: (a) the creation or recordation of

any Lien, including the Bay Shore Mortgage and the Fairfield Mortgage; (b) the making or

Page: 27
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

assignment of any lease or sublease; (c) the execution and implementation of the Asbestos Trust

Agreement, including the creation or formation of the Asbestos Trust and any transfers to or by

the Asbestos Trust; (d) the entry into the Senior Lending Facility or any of the Loan Documents;

(e) the grant or maintenance of collateral as security for any or all of the Senior Lending Facility;

or (f) the making or delivery of any deed or other instrument of transfer under, in furtherance of,

or in connection with the Plan, including any merger agreements, agreements of consolidation,

restructuring, disposition, liquidation or dissolution, deeds, bills of sale or assignments,

applications, certificates, or statements executed or filed in connection with any of the foregoing

or pursuant to the Plan; upon entry of this Confirmation Order, the appropriate state or local

governmental officials or agents shall forego the collection of any such tax or governmental

assessment and accept for filing and recordation any of the foregoing instruments or other

documents without the payment of any such tax, recordation fee, or governmental assessment.

All filing or recording officers (or any other person with authority over any of the foregoing),

wherever located and by whomever appointed, shall comply with the requirements of section

1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental

assessment, and shall accept for filing and recordation any of the foregoing instruments or other

documents without the payment of any such tax or governmental assessment.

## XIV.   RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT AND DISTRICT COURT

53.     Pursuant to §§ 105(a), 524(a), 1141(d), and 1142 of the Bankruptcy Code, the

Bankruptcy Court shall retain and have jurisdiction, except as provided in section 11.03 of the

Plan, over any proceeding (a) arising under the Bankruptcy Code, (b) arising in or related to the

Page: 28
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

Chapter 11 Cases or this Plan, or (c) involving the matters listed in section 11.01 of the Plan;

*provided, however,* that (x) nothing in this Confirmation Order or in any of the Plan Documents

shall contravene any jurisdictional, choice-of-forum, venue, and other similar provisions herein

and therein, including sections 4.13 and 4.14 of the Plan, that permit or require legal actions or

proceedings to be brought in another court and (y) notwithstanding anything to the contrary in the

Plan, any of the Plan Documents, or this Confirmation Order, from and after the Effective Date,

neither the Bankruptcy Court nor the District Court shall retain jurisdiction over the Senior

Lending Facility, the Loan and Security Agreement, or the other Loan Documents, any applicable

intercreditor agreement, or the documents executed in connection therewith or any Liens, rights,

or remedies related thereto; enforcement of all such documents, agreements and rights shall be

governed as set forth in the applicable Loan Documents, any applicable intercreditor agreement,

or the documents executed in connection therewith, as applicable; and *provided further* that the

District Court shall retain jurisdiction to hear and determine such matters in the first instance (i)

as to which the automatic reference to the Bankruptcy Court has been withdrawn, (ii) to the extent

the Bankruptcy Court lacks adjudicatory authority under the United States Constitution to hear

and determine such matters in the absence of consent of the parties involved, (iii) to the extent

required by law, or (iv) to the extent set forth in section 11.02 of the Plan. In accordance with

§ 524(g)(2)(A) of the Bankruptcy Code, any proceeding that involves the validity, application,

construction, or modification of the Asbestos Permanent Channeling Injunction may be

commenced only in the District Court, and the District Court shall have exclusive jurisdiction

over any such proceeding without regard to the amount in controversy; *provided, however,* that

Page: 29
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 3:19-cv-15433-MAS
Caption: Order (I) Approving and Adopting the Bankruptcy Court's Amended Report and
Recommendation, and (II) Confirming the Third Amended Prenegotiated Plan of Reorganization for
Duro Dyne National Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, as Modified

such proceeding, if so authorized by law or rule of court, may be referred to the Bankruptcy Court.

## XV.   NOTICE OF ENTRY OF CONFIRMATION ORDER

54.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Reorganized Debtor is

directed to serve, within ten (10) Business Days after the occurrence of the Effective Date, a

notice of the entry of this Confirmation Order, which shall include notice of the bar dates

established by the Plan and this Confirmation Order, the issuance of the Injunctions, and notice

of the Effective Date ("**Confirmation Notice**"), on all parties that received notice of the

Confirmation Hearing.

55.     As soon as practicable after the entry of this Confirmation Order, the Debtors shall

make copies of this Confirmation Order and the Confirmation Notice available on the website of

the Debtors or their noticing agent for these Chapter 11 Cases.

56.     No later than twenty (20) Business Days after the Effective Date, the Reorganized

Debtor is directed to publish the Confirmation Notice once in the national edition of *USA Today*.

The Reorganized Debtor is authorized to pay all fees associated with such publication.

## XVI.   RECORDABLE ORDER

57.     This Confirmation Order is hereby deemed to be in recordable form and shall be

accepted by any recording officer for filing and recording purposes without further or additional

orders, certifications, or other supporting documents.

So Ordered this 23rd day of October, 2020.

_____
**Honorable Michael A. Shipp, U.S.D.J.**